Samuel J. Silverman, J.
Petitioner’s pro se application, in this article 78 proceeding seeking a writ of habeas corpus — really to vacate a detainer warrant — is denied and the petition is dismissed. Under subdivision 4 of section 208 of the Mental Hygiene Law, the Narcotics Addiction Control Commission (N. A. C. C.) retained control over petitioner for a maximum of 36 months from the date of petitioner’s certification on May 28, 1969, subject to any “additional” time because of petitioner’s escape and consequent declaration of delinquency, pursuant to the provisions of subdivision 2 of section 211 of the Mental Hygiene Law. (See People ex rel. Petite v. Follette, 24 N Y 2d 60.) The Assistant Attorney-General represents to the court that petitioner will receive credit against the time “ owed ” to N. A. C. C. for the 18 months he is serving in a Federal penitentiary. In any event, as petitioner was apparently surrendered to the Federal authorities in obedience to a writ of habeas corpus issued by a Federal court, this is not a case of one sovereignty voluntarily surrendering its claims on a prisoner to another sovereignty (even assuming the doctrine has any application to commitment to the custody of the Narcotics Addiction Control Commission). Respondent shall send petitioner a copy of this determination at least 10 days prior to the settlement date of the judgment to be entered herein.